UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KEITH SCHANCK,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2: 18-cv-0175 KJN P<br><br><br><br>ORDER |

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties consented to the jurisdiction of the undersigned. For the reasons stated herein, respondent is ordered to file further briefing.

Petitioner's Claims

Petitioner alleges that on December 18, 2016, former President Obama granted him clemency. Petitioner alleges that President Obama ordered his sentence to expire on December 19, 2018. Petitioner argues that the respondent has failed to calculate a new release date, including his good time credits. Petitioner argues that including good time credits would result in a release date earlier than December 19, 2018.

Petitioner also raises a claim alleging that his release date should include the one-year he would have earned had he been allowed to complete a Residential Drug Treatment Program ("RDAP"). In the reply to respondent's response, petitioner states that he is withdrawing this

1

claim. (ECF No. 21 at 6-7.) Petitioner is pursuing this claim in a Bivens[1] action filed in this court, 2: 18-cv-328 AC P.

Finally, petitioner also argues that he was not provided a certified copy of the grant of clemency.

Background

On January 30, 1995, petitioner was sentenced by the United States District Court for the Middle District of Florida after having been found guilty of violating 28 U.S.C. § 846 (conspiracy to possession with intent to distribute methamphetamine) (count one), 21 U.S.C. § 841(d)(2) (possession of ephedrine) (count two), 21 U.S.C. § 841(d)(2) (possession of hydriotic acid) (count three), and 21 U.S.C. § 856 (maintaining a place for the purposes of manufacturing of methamphetamine) (count four). (ECF No. 18-1 at 2.) Petitioner was sentenced to life imprisonment as to count one, ten years as to counts two and three, and twenty years as to count four. (Id. at 3.) The sentences were ordered to run concurrently. (Id.)

On December 19, 2016, President Obama granted petitioner clemency, commuting petitioner's "total sentence of imprisonment" to expire on December 19, 2018. (Id. at 5.)

> After considering the applications for executive clemency of each of the following named persons, I hereby commute the total sentence of imprisonment each of the following named persons is now serving to expire on December 19, 2018, leaving intact and in effect for each named person the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence. I also direct the Bureau of Prisons to make immediately available to each named person the Residential Drug Abuse Program (RDAP). Further, I condition the grant of commutation to each of the following named persons on that person enrolling in the RDAP program by written agreement, as evidenced by that person's signing, within 14 days of that person's receipt of a certified copy of this document, a receipt verifying his or her acceptance of the commutation granted with all of its conditions, including enrollment in RDAP.
>
> ****
>
> THIS GRANT SHALL become effective as to each of the above-named persons only upon the delivery and presentment of a certified copy of this document to that person and upon that person's acceptance of the conditional terms of the grant. I further direct that

---
[1] Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

2

> once the receipt has been signed by the grant recipient, the Bureau of Prisons shall immediately forward an ELECTRONIC COPY of the receipt to the Officer of the Pardon Attorney, which will deliver that copy to appropriate personnel in the Bureau of Prisons Designation and Sentence Computation Center, who will recalculate the projected release dates of each respective recipient. Failure of a person to sign the receipt and accept the conditional terms of the commutation grant will render the grant of commutation null and void only as to the person who rejected the grant, and not to all persons named herein.

(Id. at 5, 7.)

On December 20, 2016, petitioner was placed on the RDAP waiting list. (Id. at 10.) On January 18, 2017, petitioner signed the receipt verifying his acceptance of the grant of clemency. (Id. at 12.) On February 1, 2017, the Bureau of Prisons ("BOP") updated petitioner's sentence to reflect the grant of clemency. (Id. at 14-16.) The BOP records identify petitioner's projected release date as December 19, 2018. (Id. at 14-16.)

Discussion

Respondent argues, in part, that petitioner's claim challenging the BOP's failure to calculate his release date to include his time credits is not ripe until petitioner remains incarcerated past the designated clemency date of December 19, 2018. Respondent also argues that following federal law and BOP rules, as compelled by a grant of clemency, petitioner—under a life term—may not earn good conduct time ("gct"). Respondent states that pursuant to 28 U.S.C. § 3624(b) and BOP Program statement 5880.28, Sentencing Computation Manual, a life sentence imposed pursuant to the Sentencing Reform Act of 1984 does not earn gct because the duration of the sentence is life. Thus, respondent argues, petitioner's life term has not changed, merely enforcement of the term. Respondent states that as a life term inmate, petitioner does not earn gct as an offset to any service remaining in his sentence.

Although petitioner is not entitled to earn gct, according to 28 U.S.C. § 3624(b), the BOP records attached to respondent's answer reflecting the computation of petitioner's release date as December 19, 2018 include 1327 days of "total gct earned and projected" and 1242 days of "total gct earned." (ECF No. 18-1 at 16.) Respondent provided a declaration dated May 30, 2018, by Bryan Erickson, a BOP employee who works in the area of inmate sentence computations, addressing the reference to gct in petitioner's BOP records. Mr. Erickson states, in relevant part,

> 4. On February 1, 2017, the BOP updated petitioner's sentence computation to reflect the commutation granted by former President Obama. Petitioner shall be released in accordance with the clemency grant. The BOP for administrative reasons imputed data into its system to reflect the release date by reducing Petitioner's Life term of imprisonment to a term which expires on December 19, 2018, as provided for by the clemency grant. To achieve a Projected Release Date of December 19, 2018, for administrative reasons only the BOP established a projected term of imprisonment using good conduct time (GCT) credit formulas.

(Id. at 22.)

Attached to the petition as exhibits are copies of responses to administrative grievances filed by petitioner regarding his alleged failure to be awarded gct toward his release date. In a response, dated June 9, 2017, Warden Salazar wrote, in relevant part, "The Good Conduct Time (GCT) you earned (minus what you lost via disallowance) is calculated into your sentence resulting in a Projected Release Date (PRD) of December 19, 2018." (ECF No. 1 at 40.)

In a response to petitioner's grievance, dated October 5, 2017, National Inmate Appeals Administrator Ian Connors wrote, in relevant part, "Any good time disallowance have been deducted, and your sentence recalculated to expire on December 19, 2018." (Id. at 45.)

President Obama's order clearly states that petitioner's sentence *expires* on December 19, 2018. In his declaration, Mr. Erickson states that petitioner "*shall* be released on accordance with the clemency grant." Thus, it seems clear that petitioner will be released on December 19, 2018. The only condition of petitioner's release on that date is that he enroll in the RDAP, which petitioner has done. Mr. Erickson's declaration does not indicate that petitioner's failure to complete the RDAP program has any impact on petitioner's December 19, 2018 projected release date. The undersigned also observes that President Obama's order does not direct the BOP to recalculate petitioner's release date based on gct. On these grounds, petitioner's argument that his December 19, 2018 release date should be reduced based on gct is without merit.

Respondent also argues that petitioner is not entitled to a recalculation of his December 19, 2018 release date based on gct because petitioner is not eligible for gct as a life prisoner. See 18 U.S.C. § 3624(b)(1). While respondent appears correct, the undersigned is puzzled by the responses to petitioner's administrative grievances stating that gct was calculated into petitioner's

4

projected December 19, 2018 release date.  These responses suggest that petitioner earned gct.  These responses may reflect that, for administrative purposes only, gct credit formulas were used to calculate petitioner's release date.  However, the undersigned cannot make this finding without clarification from respondent.  Respondent is ordered to file further briefing clarifying this matter.  Respondent shall address why, if petitioner was not eligible to earn gct, these responses suggest that petitioner earned gct which was applied toward his projected release date.  Moreover, even if petitioner was eligible to earn gct, why would that matter since President Obama's order clearly states that petitioner's sentence *expires* on December 19, 2018 (i.e. it appears to envision petitioner's release on that specific date, and not have it subject to further calculations)?

      Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, respondent shall file the further briefing described above.

Dated:  October 10, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sch175.fb

5