UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KEITH SCHANCK,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2: 18-cv-0175 KJN P<br><br><br><br>ORDER |

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the undersigned. For the reasons stated herein, the petition is denied.

Petitioner's Claims

Petitioner alleges that on December 19, 2016, former President Obama granted him clemency. Petitioner alleges that former President Obama ordered his sentence to expire on December 19, 2018. Petitioner raises three claims regarding his grant of clemency. First, petitioner argues that respondent has failed to calculate a new release date, including his good conduct time credit ("GCT"), which would result in a release date earlier than December 19, 2018. Second, petitioner requests that the court grant him an opportunity to participate in a Residential Drug Abuse Program ("RDAP") program. Third, petitioner also seeks a certified copy of the grant of clemency.

1

In his reply to respondent's response to the petition, petitioner states that he is no longer pursuing his claim requesting an opportunity to participate in an RDAP program: "The petitioner's claim regarding the RDAP program is in fact moot and was never intended to be ruled on in any way." (See ECF No. 21 at 6.) Accordingly, the undersigned will not address petitioner's claim regarding participation in an RDAP program in this order.

Background

On January 30, 1995, petitioner was sentenced by the United States District Court for the Middle District of Florida after having been found guilty of violating 28 U.S.C. § 846 (conspiracy to possession with intent to distribute methamphetamine) (count one), 21 U.S.C. § 841(d)(2) (possession of ephedrine) (count two), 21 U.S.C. § 841(d)(2) (possession of hydriotic acid) (count three), and 21 U.S.C. § 856 (maintaining a place for the purposes of manufacturing of methamphetamine) (count four). (ECF No. 18-1 at 2.) Petitioner was sentenced to life imprisonment as to count one, ten years as to counts two and three, and twenty years as to count four. (Id. at 3.) The sentences were ordered to run concurrently. (Id.)

On December 19, 2016, former President Obama granted petitioner clemency, commuting petitioner's "total sentence of imprisonment" to expire on December 19, 2018. (Id. at 5.)

> After considering the applications for executive clemency of each of the following named persons, I hereby commute the total sentence of imprisonment each of the following named persons is now serving to expire on December 19, 2018, leaving intact and in effect for each named person the term of supervised release imposed by the court with all of its conditions and all other components of each respective sentence. I also direct the Bureau of Prisons to make immediately available to each named person the Residential Drug Abuse Program (RDAP). Further, I condition the grant of commutation to each of the following named persons on that person enrolling in the RDAP program by written agreement, as evidenced by that person's signing, within 14 days of that person's receipt of a certified copy of this document, a receipt verifying his or her acceptance of the commutation granted with all of its conditions, including enrollment in RDAP.
>
> ****
>
> THIS GRANT SHALL become effective as to each of the above-named persons only upon the delivery and presentment of a certified copy of this document to that person and upon that person's acceptance of the conditional terms of the grant. I further direct that once the receipt has been signed by the grant recipient, the Bureau of

> Prisons shall immediately forward an ELECTRONIC COPY of the receipt to the Officer of the Pardon Attorney, which will deliver that copy to appropriate personnel in the Bureau of Prisons Designation and Sentence Computation Center, who will recalculate the projected release dates of each respective recipient. Failure of a person to sign the receipt and accept the conditional terms of the commutation grant will render the grant of commutation null and void only as to the person who rejected the grant, and not to all persons named herein.

(Id. at 5, 7.)

On December 20, 2016, petitioner was placed on the RDAP waiting list. (Id. at 10.) On January 18, 2017, petitioner signed the receipt verifying his acceptance of the grant of clemency. (Id. at 12.) On February 1, 2017, the Bureau of Prisons ("BOP") updated petitioner's sentence to reflect the grant of clemency. (Id. at 14-16.) The BOP records identified petitioner's projected release date as December 19, 2018. (Id. at 14-16.)

Discussion

*Request for Certified Copy of Grant of Clemency*

Respondent argues that petitioner's claim seeking a certified copy of the grant of clemency is not properly raised in a habeas petition brought pursuant to 28 U.S.C. § 2241. Habeas corpus petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Petitioner's request for a certified copy of the grant of clemency does not challenge the manner, location or condition of his sentence. Thus, this claim is not properly brought in the instant action.[1]

////

---

[1] Respondent argues that petitioner was provided with a copy of the grant of clemency. Attached to the response is a copy of a letter delivered to petitioner on January 18, 2017, from Pardon Attorney Zauzmer stating that enclosed was the warrant evidencing the grant of clemency by President Obama. (ECF No. 18-1 at 12.) Mr. Zauzmer goes on to ask petitioner to sign and date the receipt below, acknowledging that he received a certified copy of the Warrant and that he accepted and agreed to its conditions. (Id.) The letter contains petitioner's signature, acknowledging receipt of the warrant and accepting the conditions. (Id.)
In the reply, petitioner contends that he never received a certified copy of the warrant. (ECF No. 21 at 6.) Because this claim is not properly raised in this action, the undersigned need not reach the issue of whether petitioner received a certified copy of the warrant.

*Request for Recalculation of Release Date to Include GCT*

Respondent argues that the court does not have jurisdiction to consider petitioner's claim requesting recalculation of his release date because this claim is not ripe. A litigant in federal court may only assert claims that are ripe for adjudication. United States v. Streich, 560 F.3d 926, 931 (9th Cir. 2009).

Respondent argues that petitioner's judgment and conviction remain unchanged. See Duehay v. Thompson, 223 F. 305, 306-07 (9th Cir. 1915) (when the President commutes a sentence, he amends enforcement of the judgment but it remains the court's judgment); see also, United States v. Buenrostro, 895 F.3d 1160, 1165-66 (9th Cir. 2018) ("A presidential commutation does not invalidate the prior court imposed judgment.") Respondent argues that petitioner is still sentenced to a life term and remains sentenced to life. Respondent argues that the United States, pursuant to the Chief Executive's authority, will not be enforcing the life term of incarceration. Respondent argues that, as compelled by the grant of clemency, petitioner shall be released from custody on December 19, 2018. Respondent argues that petitioner's claim is not ripe until and unless he remains incarcerated past that date.

Petitioner argues, in essence, that former President Obama's order does not foreclose a recalculation of his release date to include GCT. Petitioner's claim is ripe because he argues that he is entitled to be released sooner than December 19, 2018. However, for the reasons stated herein, petitioner's claim is without merit.

Former President Obama's order clearly states that petitioner's sentence expires on December 19, 2018. Thus, the order is clear that petitioner will be released on December 19, 2018. The only condition of petitioner's release on that date is that he enroll in the RDAP, which petitioner has done. Former President Obama's order does not direct the BOP to recalculate petitioner's release date based on GCT. Accordingly, petitioner's argument that the order of clemency permits a recalculation of his release date to include GCT is without merit.

Moreover, for the reasons stated herein, petitioner is not entitled to earn GCT. In the response to the petition, respondent correctly states that pursuant to 28 U.S.C. § 3624(b) and BOP Program statement 5880.28, Sentencing Computation Manual, a life sentence imposed pursuant

4

to the Sentencing Reform Act of 1984 does not earn GCT because the duration of the sentence is life. Respondent correctly observes that as a life term inmate, petitioner does not earn GCT as an offset to any service remaining in his sentence. Therefore, petitioner is not entitled to a recalculation of his December 19, 2018 release date to include GCT.

Although petitioner is not entitled to earn GCT, documents in the record suggest that petitioner may earn GCT. The BOP records attached to respondent's answer reflecting the computation of petitioner's release date as December 19, 2018, include 1327 days of "total gct earned and projected" and 1242 days of "total gct earned." (ECF No. 18-1 at 16.)

Attached to the petition as exhibits are copies of responses to administrative grievances filed by petitioner regarding his alleged failure to be awarded GCT toward his release date. In a response, dated June 9, 2017, Warden Salazar wrote, in relevant part, "The Good Conduct Time (GCT) you earned (minus what you lost via disallowance) is calculated into your sentence resulting in a Projected Release Date (PRD) of December 19, 2018." (ECF No. 1 at 40.) In a response to petitioner's grievance, dated October 5, 2017, National Inmate Appeals Administrator Ian Connors wrote, in relevant part, "Any good time disallowance have been deducted, and your sentence recalculated to expire on December 19, 2018." (Id. at 45.)

Petitioner's request for a recalculation of his release date to include GCT appears to be based on the references to GCT in the BOP records and responses to his grievances.

In support of the response to the petition, respondent provided a declaration dated May 30, 2018, by Bryan Erickson, a BOP employee who works in the area of inmate sentence computations, addressing the reference to GCT in petitioner's records. Mr. Erickson stated, in relevant part,

> 4. On February 1, 2017, the BOP updated petitioner's sentence computation to reflect the commutation granted by former President Obama. Petitioner shall be released in accordance with the clemency grant. The BOP for administrative reasons imputed data into its system to reflect the release date by reducing Petitioner's Life term of imprisonment to a term which expires on December 19, 2018, as provided for by the clemency grant. To achieve a Projected Release Date of December 19, 2018, for administrative reasons only the BOP established a projected term of imprisonment using good conduct time (GCT) credit formulas.

5

(Id. at 22.)

In an abundance of caution, on October 10, 2018, the undersigned ordered respondent to file further briefing addressing the references to GCT in petitioner's records. The undersigned directed respondent to address why, if petitioner was not eligible to earn GCT, these responses suggested that petitioner earned GCT which was applied toward his projected release date.

On October 17, 2018, respondents filed a response to the October 10, 2018 order. In a second declaration attached to respondent's October 17, 2018 pleading, Mr. Erickson states, in relevant part,

> 3. The BOP utilizes SENTRY, a computerized database to assist in all inmate sentence computations. SENTRY has been utilized by the BOP for over three decades. While SENTRY is designed to calculate and keep track of most sentence computations situations, extraordinary situations, like an immediate release order or an Executive grant of clemency, require certain administrative steps to ensure the mathematical integrity of our data. BOP's internal computation procedure to effectuate the Executive Order of Clemency does not create an entitlement to GCT or alter the character of an imposed sentence.
>
> 4. In this case, in order to achieve a Projected Release Date of December 19, 2018, in SENTRY, it was necessary for the DSCC to establish a new term of imprisonment taking into account prior custody credit. Additionally, because SENTRY is mathematically-driven, the BOP had to internally treat his term of Life imprisonment as a commuted sentence. This internal treatment of the Life imprisonment sentence as a commuted finite sentence was done only to facilitate the mathematical computation of a release date within the limitations of SENTRY. The internal treatment meant that the new sentence was eligible to earn GCT for purposes of computing a release date in SENTRY. Because finite sentences include GCT, GCT had to be taken into account to establish a finite term of imprisonment that would result in the December 19, 2018 Projected Release Date, as established in the Executive Order of Clemency. We also had to take the additional administrative steps to deduct a certain amount of GCT based on disciplinary infractions that were ineffective when Petitioner had a life sentence in our system. All of these steps were performed purely as administrative measures to maintain internal mathematical consistency within the SENTRY database, where our goal is to have all the numbers add up in terms of GCT, prior custody credit and any discipline that may have taken away GCT, as computed into a final release date.

(ECF No. 25-1 at 2-3.)

Mr. Erickson's second declaration clarifies that the reference to GCT in petitioner's records is administrative and does not mean that petitioner is eligible to earn GCT for purposes of

computing the December 19, 2018 release date ordered by former President Obama.

In his reply to respondent's response, petitioner argues that respondent has calculated a release date for him in 2022. (ECF No. 21 at 3.) Petitioner's claim that respondents intend to release him in 2022 is not ripe. If petitioner is not released on December 19, 2018, he may file a habeas petition challenging his continued confinement.

For the reasons discussed above, petitioner's claim that he is entitled to a recalculation of his December 19, 2018 release date to include GCT is without merit.

Accordingly, IT IS HEREBY ORDERED that petitioner's habeas corpus petition is denied.

Dated: November 9, 2018

Sch175.ord

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE